# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO: 10-23398-CIV-KING

ROSE MENDEL,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation d/b/a ROYAL
CARIBBEAN CRUISE LINES,

    Defendant.

_____ /

## **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** is before the Court upon Defendant Royal Caribbean Cruises Ltd.'s Second Renewed Motion for Summary Judgment (DE #151), filed March 22, 2012. The Court is fully briefed in the matter.[1] Upon careful consideration of the uncontested facts in the record and the arguments set forth in the Parties' briefs, the Court finds it must grant summary judgment in favor of Defendant.

### I. Background

This is a personal injury case. Plaintiff Mendel alleges that she was injured when she slipped on a step while exiting a pool on Defendant's cruise ship. (Am. Comp., DE #95). Defendant Royal Caribbean Cruises, Ltd. now moves for summary judgment on the ground

---

[1] Plaintiff filed a Response (DE #167) on June 1, 2012, to which Defendant replied (DE #168) on June 11, 2012.

that Plaintiff has failed to produce any evidence that it breached any duty to her.

After the close of discovery, the following uncontested facts emerged. Plaintiff was a passenger on Defendant's "Oasis of the Seas" cruise ship. On January 18, 2010, Plaintiff and her husband went to swim in the sports pool on the ship. (Am. Compl., DE #95, at ¶7). They had not gone swimming in that pool prior to the day the incident occurred. (Plaintiff Dep., DE #151-1, at p. 31:7–12). After about fifteen minutes of swimming, Plaintiff's husband exited the pool, using the handrails to climb the ladder out of the pool. *Id.* at pp. 42:21–24, 43:11–16. After watching her husband exit, Plaintiff exited the pool, using the same ladder and handrails. *Id.* at 44:2–4. Immediately after exiting the pool, Plaintiff placed her foot on a step designed to assist guests in exiting the pool. (Am. Compl., DE #95 at ¶7). Plaintiff fell when she took a second step. (Plaintiff Dep., DE #151-1, at p. 46:17–18). Plaintiff put her right hand down to brace herself for the fall. *Id.* at 53:1–12. The alleged injury resulted from that fall.

The Amended Complaint, filed July 27, 2011, sets forth "general allegations" of Defendant's negligence. (DE #95). After the close of discovery and the Court's rulings on various motions in limine, Defendant filed the instant Second Renewed Motion for Summary Judgment on March 22, 2012. (DE #151). This is the first time the Court has addressed the merits of Defendant's arguments in favor of summary judgment.[2]

---

[2]Defendant filed a Motion for Summary Judgment (DE #44) on April 1, 2011, which was never fully briefed and was terminated by the Court on July 28, 2011. Prior to the Court's ruling upon the parties' *Daubert* motions, Defendant filed a Renewed Motion for Summary Judgment (DE #75) on July 1, 2011. On February 21, 2012, the Court denied without prejudice Defendant's Renewed Motion for

## II. Summary Judgment Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

## III. Discussion

Plaintiff brings a single negligence claim against Defendant, alleging that the area of the pool where she fell was dangerous, that Defendant failed to maintain the area, and that

---

Summary Judgment and instructed the parties to file new briefs on summary judgment issues in light of the Court's ruling on the admissibility of expert testimony. (DE #150).

Defendant failed to warn her of the allegedly dangerous condition. (Am. Compl., DE #95, at ¶¶7–9). Defendant moves for summary judgment on Plaintiff's negligence claim with three arguments: (1) The evidence does not establish that Defendant was responsible for the alleged improper design of the subject swimming pool; (2) the evidence does not establish that Defendant had notice of the alleged dangerous condition; and (3) Defendant did not have a duty to warn the Plaintiff of the condition complained of, as the alleged dangerous condition was open, obvious, and apparent to the Plaintiff. (DE #151, at 1–2). The Court will address each of these arguments in turn.

### A. Defendant Was Not Responsible for the Alleged Improper Design

A cruise line is not liable for any alleged improper design if the plaintiff does not establish that the ship-owner or operator was responsible for the alleged improper design. *See e.g., Groves v. Royal Caribbean Cruises Ltd.*, No. 11-10815, 2012 WL 933236 at *1 (11th Cir. Mar. 20, 2012) (affirming summary judgment where plaintiff-passenger presented no evidence that defendant cruise line "actually created, participated in, or approved the alleged negligent design of these areas near the dining room where [plaintiff] was injured."). In support of its position, Defendant relies upon *Rodgers v. Costa Crociere, S.P.A.*, 410 Fed. App'x 210 (11th Cir. 2010). In *Rodgers*, the plaintiff slipped and fell while descending a staircase on a cruise ship. *Id.* at 211. The plaintiff's negligence theory was that the ship-owner was liable for creating a dangerous situation by the improper design of the staircase. *Id.* The Eleventh Circuit, affirming the district court's grant of summary

judgment, held that the plaintiff's failure to offer any evidence showing that the ship-owner was responsible for the design of the stairs was fatal to the plaintiff's negligent design theory of liability. *Id.* at 212.

The Court finds *Rodgers* instructive. In the present case, like in *Rodgers*, Plaintiff fails to offer any evidence showing that Defendant had any role in the design of the subject premises. It is undisputed that Defendant did not design the pool or the step where the Plaintiff's incident occurred. (Dep. of Def.'s Corp. Rep. David Banciella ("RCL Dep."), DE #151-2, at p. 34:3–20.); (DE #167, at 3). Rather, Plaintiff contends that under the facts of this case, the fact that the pool was not actually designed by Defendant is irrelevant. *Id.* Plaintiff argues, "The facts are that the Defendant uses the same design and configuration of this swimming pool step it uses on the entire Royal Caribbean fleet. From that fact, the trier of fact can reasonably infer that the Defendant accepted and approved the design and configuration of the swimming pool exit." *Id.* The Court is not persuaded.

First, there is no record evidence supporting Plaintiff's assertion that Defendant uses "the same design and configuration of this swimming pool step it uses on the entire Royal Caribbean fleet." *Id.* Defendant contends that Plaintiff's assertion is both erroneous and based on inadmissible testimony. (DE #168, at 4). The only basis for Plaintiff's purported "fact" is the deposition of Plaintiff's expert, Randall Jaques. A review of Mr. Jaques' deposition testimony, however, reveals no support for Plaintiff's assertion. Mr. Jaques offers what he admits is an opinion, stating it "seems like the *Oasis* has configured their deck plan

5

in their engineering and construction in the shipyard of the *Oasis* and *Allure* pools to be the same as the *Voyager of the Seas*." (Dep. of Randall Jaques, DE #168-1, at pp. 123:4–124:9). Simply, Mr. Jaques offers an opinion based on his review of a different class of vessel, not the entire Royal Caribbean fleet. Furthermore, this Court has already ruled that Mr. Jaques may not provide testimony on this matter. *See* (DE #149, Order on *Daubert* Motions, at 2).[3] Therefore, Mr. Jaques' opinion that the design of the subject steps and handrails is the same on Royal Caribbean's entire fleet is inadmissible and, as such, does not provide support for Plaintiff's negligent design theory.

Second, contrary to Plaintiff's assertion, the undisputed fact that the pool was not actually designed by Defendant is *not* irrelevant. It is the law of this Circuit that a plaintiff who presents no evidence that the defendant actually created, participated in, or approved the design cannot prevail on a negligence claim to the extent that the claim is premised on a theory of negligent design. *See Rodgers,* 410 Fed. App'x at 212; *Groves,* 2012 WL 933236 at *1. Therefore, the undisputed evidence showing that Defendant was not actually involved in the design of the swimming pool step and handrails precludes Plaintiff's claim to the extent her claim is premised on a theory of negligent design.[4]

---

[3] For further information on expert testimony, the Court directs the parties to Judge Tjoflat's thorough explanation of when an expert opinion is necessary. *See Rosenfeld v. Oceania Cruises, Inc.,* Case No. 10-12651, Order on Rehearing en Banc, Dissent (11th Cir. Jun. 7, 2012).

[4] Because it is undisputed that Defendant did not design the subject pool, any testimony by the Plaintiff's expert, Randall Jaques, regarding the dimensions of the subject step in support of her negligence design claim is moot. *See Groves v. Royal Caribbean Cruises, Ltd.,* No. 09-20800, 2011 WL 109639, (S.D. Fla. Jan. 11, 2011) at *1 ("[B]ecause no negligent design theory is possible in this case, the expert's testimony as to the design flaws in the relevant areas of this vessel is moot.").

### B. There Is No Evidence That Defendant Had Notice of the Alleged Dangerous Condition

Defendant's liability in the present case also turns on whether Defendant had notice, either actual or constructive, of the alleged danger to passengers. "The applicable standard of care 'requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk creating condition.'" *Young v. Carnival Cruise Lines*, No. 09-21949, 2011 WL 465366 at \*3 (S.D. Fla. Feb. 4, 2011) (King, J.) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)); *Groves*, 2012 WL 933236, at \*1 ("Under the law in this circuit, [defendant cruise line] can be liable only for negligent design of the dining area if it had actual or constructive notice of such hazardous condition."). Plaintiff has not provided any evidence that Defendant had actual or constructive notice of the alleged danger posed by the steps. Rather, Plaintiff relies upon statements made by unidentified witnesses she met on the cruise ship. Plaintiff testified that other passengers on the cruise ship spoke to her about the swimming pool exiting saying, "oh, that was very slippery. Everybody was falling there." (Plaintiff Dep., DE #151-1, at pp. 48:22–25, 49:1–6). These statements are not enough to establish that Defendant was on notice of a dangerous condition. "Mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1996)).

---

7

Plaintiff's statements are merely unsupported allegations. Plaintiff admits she did not have any personal knowledge of anyone else falling in the same spot she did. (Plaintiff Dep., DE #151-1, at p. 49:7–9). Furthermore, Plaintiff admits there is no record evidence indicating Defendant was on notice of any prior accidents or incidents involving passengers slipping and falling while exiting the swimming pool. (Def.'s Answer to Pl.'s Interrogatory No. 18, DE #151-3); (DE #167, at 3).

Plaintiff relies upon *Rockey* for the proposition that Plaintiff need not prove Defendant had notice of the alleged dangerous condition. *Rockey v Royal Caribbean Cruises, Ltd*, No. 99-708, 2001 WL 420993 (S.D. Fla. Feb. 20, 2001) (Gold, J.). In *Rockey*, the district court found that plaintiff did not have to prove the cruise line had notice of the dangerous condition in a negligence action where the cruise line's own action in improperly storing the bingo board created the dangerous condition. *Rockey*, 2001 WL 420993, at *4–5. *Rockey* is distinguishable, however, because the defendant in *Rockey* created the hazardous condition. Such was not the case here. The present case is more analogous to *Groves*, in which the Eleventh Circuit affirmed the district court's grant of summary judgment in favor of defendant where plaintiff failed to provide any facts showing that defendant had notice of the alleged dangerous design of the dining area where plaintiff was injured, and there was no evidence of other similar accidents which could have put defendant on notice of an allegedly dangerous condition. *Groves*, 2012 WL 933236 at *1. Thus, the lack of notice in the instant case is fatal to Plaintiff's theory of negligence.

### C. Defendant Did Not Have a Duty To Warn

It is a well-settled principle of maritime law that a ship-owner owes passengers the duty of exercising reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). Reasonable care includes the carrier's duty to warn of dangers that are not apparent or obvious. *Luby v. Carnival Cruise Line*, 633 F. Supp. 40, 41 (S.D. Fla. 1986). A cruise line does not have any duty to warn of dangers that are of an open and obvious nature. *Young*, 2011 WL 465366 at *3.

In the present case, any danger posed by exiting the swimming pool was open and obvious to Plaintiff. Plaintiff concedes that there was nothing to prevent her from seeing the step that precipitated her fall. (Plaintiff Dep., DE #151-1, at p. 46:1-9). Moreover, Plaintiff's husband had exited the subject swimming pool using the same steps just moments before her. *Id.* at p. 43:2-10. Having attended an aqua aerobics class three to four times a week in the two years prior to the incident on the cruise ship, Plaintiff had extensive experience with swimming pools. *Id.* at p. 19:14-17. As an experienced swimmer, Plaintiff should have been aware of the potential hazards associated with exiting a swimming pool.

This Court finds *Young* particularly instructive on this point. In *Young*, the plaintiff brought a negligence action against the defendant cruise line after he tripped and fell while hiking on a shore excursion that he participated in during the cruise. *See Young*, 2011 WL 465366. Noting that the plaintiff was an experienced hiker, this Court determined that uneven terrain was an apparent danger of the plaintiff's hike over a boulder field to a glacier,

and that the plaintiff "surely . . . understood he would be traversing uneven, rugged terrain and that tripping is a risk posed by the activity." *Id.* at *4. This Court granted the cruise line's motion for summary judgment on the plaintiff's negligence claim, holding that the cruise line owed no duty to warn the plaintiff of the obvious and apparent dangers presented by the activity. *Id.* at *3. Likewise, this Court finds that Defendant in the present action had no duty to warn Plaintiff of the possible dangers presented by exiting the swimming pool.

Additionally, Plaintiff contends that the duty to warn does not discharge Defendant from the duty to maintain the property in a reasonably safe condition. (DE #167, at 12); *see Kersul v. Boca Raton Comty. Hosp., Inc.*, 711 So.2d 234 (Fla. 4th DCA 1998) (finding "although the open and obvious nature of a hazard may discharge a landowner's duty to warn, it does not discharge the duty to maintain the property in a reasonably safe condition."); *see also Lotto v. Point East Two Condominium Corp.*, 702 So.2d 1361 (Fla. 3rd DCA 1997). In *Kersul*, the Plaintiff slipped and fell on an uneven sidewalk outside a hospital. *Kersul*, 711 So.2d at 234. The Florida Third District Court of Appeals reversed a grant of summary judgment against the plaintiffs, finding that the plaintiffs presented evidence that the danger was not open and obvious and that the hospital may have had notice of the dangerous condition through a prior incident. *Id.*

The present action, however, is distinguishable from *Kersul* in two ways: (1) Plaintiff has not presented evidence that the danger was not obvious; (2) Plaintiff has not presented any evidence to show that Defendant failed to maintain the property in a reasonably safe

condition. Here, the steps used to exit the pool were obvious. Plaintiff had just watched her husband exit the pool using those steps. Plaintiff admits it would not be unreasonable to think that water would be present around the pool. *Id.* at p. 51:6–9. It is clear that the presence of the alleged danger – the swimming pool exit – was, or should have been, obvious to Plaintiff by the ordinary use of her senses. *See Luby*, 633 F. Supp. 40.[5] Accordingly, Defendant did not breach its duty of care to Plaintiff.

## IV. Conclusion

Plaintiff has not offered any evidence that Defendant was responsible for the alleged improper design, had notice of the alleged dangerous condition, or had a duty to warn. The record evidence shows that Plaintiff fell while exiting the swimming pool on Defendant's cruise ship. "Plaintiff's injuries are unfortunate. However, '[t]here is a fallacy, which seems to be widely accepted, that for any personal injury, however caused, some person or instrumentality should be liable in damages. Such is not and has never been the law.'" *Young*, 2011 WL 465366 at *4 (quoting *Lavine v. General Mills, Inc.*, 419 F. Supp. 2d 332, 337 (N.D. Ga. 1981)). There is no genuine issue of fact that could support a trial on Plaintiff's negligence claim. Therefore, summary judgment is appropriate.

---

[5] In *Luby*, a cruise ship passenger, sued the cruise line after she tripped over a ledge that surrounded the shower in her bathroom. *Luby*, 633 F. Supp. at 40. The ledge was located behind a shower curtain. Even so, the Court found, "It is clear then that the presence of the ledge behind the shower curtain was, or should have been, obvious to [plaintiff] by the ordinary use of her senses." *Id.* The Court granted summary judgment to the cruise line, holding "Defendant is entitled to expect, as a matter of law, that [plaintiff] would perceive that which would be obvious to her upon the ordinary use of her senses." *Id.*

11

Upon careful consideration of the record, and the Court being otherwise fully advised, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendant's Second Renewed Motion for Summary Judgment **(DE # 151)** be, and the same is, hereby **GRANTED** in favor of Defendant Royal Caribbean Cruises Lines, Ltd. d/b/a Royal Caribbean Cruise Lines.

2. All pending motions are hereby **DENIED as moot.**

2. The Clerk shall **CLOSE** this case.

3. Jurisdiction is reserved for a determination of fees and costs.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 21st day of June, 2012.

JAMES LAWRENCE KING
SOUTHERN DISTRICT OF FLORIDA

cc:
*Counsel for Plaintiff*

**Mark David Press**
Stabinski & Funt
757 NW 27th Avenue
3rd Floor
Miami, FL 33125
305-643-3100
Fax: 305-643-1382
Email: Mpress@stabinski-funt.com

***Counsel for Defendants***

**Jeffrey Eric Foreman**
Foreman Friedman, PA
One Biscayne Tower
2 S Biscayne Boulevard
Suite 2300
Miami, FL 33131-1803
305-358-6555
Fax: 305-374-9077
Email: jforeman@fflegal.com

**Brett Michael Berman**
Foreman Friedman, PA
2 South Biscayne Boulevard
Suite 2300
Miami, FL 33131

(305) 358-6555
Email: bberman@fflegal.com

**Karina M. Cerda**
Foreman Friedman, P.A.
One Biscayne Tower
Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
305-358-6555
Fax: 305-374-9077
Email: kcerda@fflegal.com